[929 NYS2d 193]

In the Matter of EDMUND T. MCDOWELL, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 30, 2011

318

**APPEARANCES OF COUNSEL**

*Robert A. Green*, Hauppauge (*Daniel M. Mitola* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated November 24, 2010, the respondent was immediately suspended from the practice of law, pursuant to 22 NYCRR 691.4 (l) (1) (i) and (iii), upon a finding that he constituted an immediate threat to the public interest based upon his obstruction of the legitimate function of the Grievance Committee in its investigation of allegations that he misappropriated funds with which he was entrusted, engaged in a conflict of interest, and failed to file a biennial registration statement with the Office of Court Administration (hereinafter OCA), and uncontroverted evidence of his failure to reregister with OCA as directed.

The decision and order on motion suspending the respondent authorized the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) to institute and prosecute a disciplinary proceeding against the respondent based upon a verified petition dated January 21, 2010. The respondent was directed to submit an answer to the verified petition within 20 days after service upon him of a copy of the decision and order, and the issues raised by the verified petition and any answer thereto were referred to the Honorable James Starkey, as Special Referee, to hear and report.

The decision and order on motion dated November 24, 2010, authorized the Grievance Committee to serve the respondent with the decision and order, and any other papers or orders related to this proceeding, by mailing the documents to the respondent and affixing a copy of the documents to the respondent's door. On December 7, 2010 and December 10, 2010, respectively, the respondent was duly served with a copy of the decision and order on motion dated November 24, 2010, along with a courtesy copy of the verified petition dated January 21, 2010, via regular and certified mail, and affixing the documents to the front door of the respondent's residence located at 2550 Oak Street, Kissimmee, Florida 34744.

The verified petition contains five charges of professional misconduct against the respondent, including engaging in conduct prejudicial to the administration of justice by failing to cooperate with the lawful demands of the Grievance Committee

in its investigation of allegations that he misappropriated funds with which he was entrusted and engaged in a conflict of interest; engaging in conduct adversely reflecting on his fitness as a lawyer by failing to cooperate with the lawful demands of the Grievance Committee in its investigation of allegations that he misappropriated funds with which he was entrusted and engaged in a conflict of interest; failing to timely reregister as an attorney with OCA in violation of section 468-a of the Judiciary Law and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1; engaging in conduct prejudicial to the administration of justice by failing to cooperate with the lawful demands of the Grievance Committee in its investigation of his failure to reregister as an attorney with OCA in accordance with section 468-a of the Judiciary Law and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1; and engaging in conduct adversely reflecting on his fitness as a lawyer by failing to reregister as an attorney in accordance with section 468-a of the Judiciary Law and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1. To date, the respondent has failed to submit an answer to the verified petition, as directed by the Court, or to request an extension of time to do so.

The Grievance Committee now moves to deem the charges against the respondent established, and to impose such discipline upon him as the Court deems appropriate, based upon his default. No opposition or other response to the Grievance Committee's motion has been received from the respondent.

Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established and, effective immediately, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, DILLON and COVELLO, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Edmund T. McDowell, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Edmund T. McDowell, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that, pursuant to Judiciary Law § 90, the respondent, Edmund T. McDowell, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Edmund T. McDowell, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).